5604.

(Court of Appeal, Parish of Orleans.)

## CHARLES C. HAIGHT vs. MRS. MATHILDA M. JOHNSON, ET AL.

A joint owner of real estate on which there rests a mortgage can bind herself by payments of interest and interrupt prescription of the note as to her virile share due thereon, but she is without power to bind her children as joint co-owners when they did not authorize the payments of interest and when there is no solidarity of obligation.

Appeal from the Civil District Court, Division "E."

Jos. F. Walton, for plaintiff and appellant.

J. E. Fleury, for defendant and appellee.

DUFOUR, J.—In 1897, Pleasant Johnson executed a mortgage note for $250.00 and in 1898 he died leaving a widow and eight children, among whom were four minors. Joseph, one of those minors died in May 19th, 1910, without issue.

The succession of Pleasant Johnson was opened in July 1911, by the Public Administrator and judgment was had recognizing as heirs and putting in possession as widow and heirs respectively the present defendants.

They are now sued to enforce the mortgage via ordinaria by Haight, holder of the mortgage note, and they set up the plea of five and ten years prescription.

There was judgment against Mathilda M. Johnson for her virile share, as widow in communty, and in favor of the other defendants, dismissing the suit as to them. All

parties to the suit have either appealed or answered the appeal.

It is admitted that all the children of Pleasant Johnson would, if summoned as witnesses, testify that they knew nothing at all about this note until this suit was filed, and furthermore, that the payments of interest were made on said note by Mrs. Pleasant Johnson, their mother, that they were not made with their express or special authorization, but were made by their said mother individually, and that the succession of Joseph Johnson was never opened.

This is confirmed by the testimony of the mother..

It further appears that, after her husbands' death, Mrs. Johnson remained in the house with her children and paid the taxes on the property. She was never appointed administratrix of the estate nor qualified as tutrix of her minor children and her right as usufructuary of her children's share was not recognized in the judgment of 1911 putting them in possession.

As joint owner of the property she had the right to bind herself and interrupt prescription as to her share; but her acts could not bind her children as joint owners when they had not authorized the payments of interest, and when there was no solidarity of obligation. R. C. C. 3552.

In **Long vs. Dickerson** ,127 La., 342, apparently to the contrary which stands alone in our jurisprudence and was decided by a divided Court, this article seems to have been overlooked.

The cases cited in that opinion were cases of solidary liability.

Judgment affirmed.

Rehearing refused, July 29th, 1912.